IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA
CIVIL DIVISION

KAMANI GOVENDER and
DWANE HUBBART,

    Plaintiffs,

CASE NO.: 2011 CA 7652

vs.

DIVISION: 33

MOUNTAIN STATE UNIVERSITY, INC.,
a West Virginia corporation,

    Defendant.

FILED IN OFFICE 6/22/11
LYDIA GARDNER, Clerk, Cir. Ct., Orange Co., FL
By _____ D.C.

## COMPLAINT

Plaintiffs, Kamani Govender and Dwane Hubbart, by and through their undersigned counsel, sue Defendant, Mountain State University, and allege as follows:

### Jurisdiction

1. Jurisdiction is proper in this Court because this is an action for damages which exceeds $15,000.00, exclusive of attorney fees, interest and costs.

### Venue

2. Venue is appropriate in this Court pursuant to Fla. Stat. § 47.051 because the Defendant has an agent or representative in Orange County, Florida, by virtue of an extension campus located in Orlando, Florida.

## Parties

3. Kamani Govender is an individual residing in Miami-Dade County, Florida.

4. Dwane Hubbart is an individual residing in Miami-Dade County, Florida.

5. Mountain State University, Inc. ("MSU") is a West Virginia corporation which operates as Mountain State University. The principal place of business, i.e., "nerve center", of MSU is Morgantown, West Virginia, its corporate headquarters.

6. MSU offers online courses and programs to students throughout the United States, including students residing in the state of Florida.

7. The Plaintiffs enrolled in and attended MSU's online degree program while residing in Miami-Dade County, Florida.

8. At all material times, the faculty and staff members of MSU acted within the course and scope of their employment and/or agency with MSU when communicating with the Plaintiffs.

## General Allegations

9. MSU represents to prospective students that it is accredited to provide, by distance learning, a Masters in Interdisciplinary Studies in a concentration selected by the student.

10. On its website, MSU advertises that it offers a Graduate Interdisciplinary Studies program. The website states that "[a] graduate degree in interdisciplinary studies allows students to create programs of study in many

fields, particularly those incorporating the work of different domains of knowledge."

11. The website further specifies that students in the Graduate Interdisciplinary Studies program can select "concentrations" and that "standardized curricula are provided for those who wish to pursue graduate study in selected fields."

12. Further, the website specifies that students in the Graduate Interdisciplinary Studies program must undergo a "Methodology" phase, wherein they develop a detailed degree plan which includes a proposed degree concentration with a rationale for its selection; proposed membership of their graduate committee or mentoring team; the details of what they will learn in the Content phase; a plan for demonstrating their learning; and a timeline for completion of the program.

13. On or about February 5, 2009, the Plaintiffs each completed a graduate application on MSU's website, selecting "Master of Arts/Master of Science in Interdisciplinary Studies" from the program options and specifying that they had chosen MSU because it "[p]rovides me with the ability to earn a Master of Science in Interdisciplinary Studies Degree with a concentration in Biological Sciences via distance learning." Copies of the website application form print-out are attached hereto as Exhibit "A".

14. Once accepted, Govender submitted a Graduate Registration Form specifying a major of "Master of Science in Interdisciplinary Studies" and a

3

concentration in "Biology." A copy of the Graduate Registration Form submitted by Govender is attached hereto as Exhibit "B".

15. Once accepted, Hubbart submitted a Graduate Registration Form specifying a major of "Master of Science in Interdisciplinary Studies" and a concentration in "Biology." A copy of the Graduate Registration Form submitted by Hubbart is attached hereto as Exhibit "C".

16. After being accepted at MSU, the Plaintiffs had numerous written communications with members of the MSU staff and faculty wherein the Plaintiffs informed MSU that they had been accepted into the program for a Master of Science in Interdisciplinary Studies with a degree concentration in Biology. Additionally, in reliance upon being accepted into this specific degree program, the Plaintiffs borrowed significant funds to attend MSU.

17. Despite receipt of the written communications designating a concentration in Biology, MSU did not inform the Plaintiffs that MSU did not offer a concentration in Biology (and was not accredited to offer a concentration in Biology). However, the responses of MSU staff and faculty lead the Plaintiffs to believe that Biology was an acceptable concentration.

18. In October 2009, the Plaintiffs were informed, for the first time, that the Masters in Interdisciplinary Studies program did not offer an area of concentration, therefore the Plaintiffs could not concentrate their program in Biology.

19. As a result, the Plaintiffs had attended MSU for a full year before they learned that MSU was not accredited to provide a Masters in Interdisciplinary Studies with a concentration in Biology. In fact, MSU was not even accredited to provide a Masters in Interdisciplinary Studies by distance learning (or for that matter, to provide a graduate degree in Biology.)

20. As a result of MSU's conduct, the Plaintiffs have suffered damages, including unnecessary tuition expenses, past and future lost wages, and mental anguish.

21. All conditions precedent have been performed, satisfied or waived.

## COUNT I – VIOLATION OF FLORIDA STATUTES, § 501.204, FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

22. Plaintiffs incorporate and reallege paragraphs 1 through 21.

23. Florida Statutes §501.204 prohibits unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of trade or commerce.

24. The above described representations of MSU constitute unconscionable acts and practices and unfair and deceptive acts and practices in the conduct of trade or commerce.

25. Specifically, misrepresenting to prospective students that MSU offers and is accredited to offer a Masters in Interdisciplinary Studies with a concentration chosen by the student by distance learning, with knowledge that the representation is false, is unconscionable, unfair and deceptive.

26. Plaintiffs suffered damages by MSU's unfair, unconscionable and deceptive acts in that they paid tuition, incurred expenses and completed unaccredited coursework for a degree that they could not obtain from MSU; were unable to obtain the accredited degree that they were promised by MSU; lost wages while attending MSU; and lost future wages, and incurred additional tuition and expenses, in order to obtain the degree promised by MSU at another institution.

27. The Plaintiffs have been forced to retain undersigned counsel and have incurred reasonable costs and attorney's fees in this action for which MSU is liable pursuant to Florida Statutes, §501.2105.

WHEREFORE, Plaintiffs demand a Judgment against MSU for damages, reasonable attorney's fees and costs, expenses, interest, court costs, and any other and further relief that this Court deems just.

## COUNT II – FRAUDULENT INDUCEMENT

28. Plaintiff incorporates and realleges paragraphs 1 through 21.

29. MSU falsely represented to the Plaintiffs that it offered and was accredited to offer a Master of Science in Interdisciplinary Studies with a concentration selected by the student by distance learning.

30. MSU knew at the time it made this representation that it did not offer and was not accredited to offer a Master of Science in Interdisciplinary Studies with a concentration in Biology and was not accredited to offer a Master of Science in Interdisciplinary Studies by distance learning.

31. MSU intended that the Plaintiff would rely upon this representation by enrolling at MSU in order to obtain a Master of Science in Interdisciplinary Studies with a concentration in Biology by distance learning.

32. The Plaintiffs did justifiably rely upon MSU's representation by enrolling at MSU in order to obtain a Master of Science in Interdisciplinary Studies with a concentration in Biology by distance learning.

33. The Plaintiffs suffered damages by MSU's representations in that they paid tuition, incurred expenses and completed unaccredited coursework for a degree that they could not obtain from MSU; were unable to obtain the accredited degree that they were promised by MSU; lost wages while attending MSU; and lost future wages, and incurred additional tuition and expenses, in order to obtain the degree promised by MSU at another institution; and suffered mental anguish.

WHEREFORE, Plaintiffs demand a Judgment against MSU for damages, expenses, interest, court costs and any other and further relief that this Court deems just.

## COUNT III – NEGLIGENT MISREPRESENTATION

34. Plaintiff incorporates and realleges paragraphs 1 through 21.

35. MSU falsely represented to the Plaintiffs that it offered and was accredited to offer a Master of Science in Interdisciplinary Studies with a concentration selected by the student by distance learning.

36. MSU knew, or should have known, at the time it made this representation that it did not offer and was not accredited to offer a Master of

7

Science in Interdisciplinary Studies with a concentration in Biology and was not accredited to offer a Master of Science in Interdisciplinary Studies by distance learning or made the misrepresentation without knowledge of its truth or falsity but should have known the representation was false.

37. MSU knew, or should have known, that the Plaintiff would rely upon this representation by enrolling at MSU in order to obtain a Master of Science in Interdisciplinary Studies with a concentration in Biology by distance learning.

38. The Plaintiffs did justifiably rely upon MSU's representation by enrolling at MSU in order to obtain a Master of Science in Interdisciplinary Studies with a concentration in Biology by distance learning.

39. The Plaintiffs suffered damages by MSU's representations in that they paid tuition, incurred expenses and completed unaccredited coursework for a degree that they could not obtain from MSU; were unable to obtain the accredited degree that they were promised by MSU; lost wages while attending MSU; and lost future wages, and incurred additional tuition and expenses, in order to obtain the degree promised by MSU at another institution; and suffered mental anguish.

WHEREFORE, Plaintiffs demand a Judgment against MSU for damages, expenses, interest, court costs and any other and further relief that this Court deems just.

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Dated: June 20th, 2011.

                                      FORIZS & DOGALI, P.A.

                                      _____
                                      Joel J. Ewusiak
                                      Fla. Bar No.: 0509361
                                      jewusiak@forizs-dogali.com
                                      ~~Rachel S. Green~~
                                      Fla. Bar No.: ~~0160248~~
                                      rgreen@forizs-dogali.com
                                      4301 Anchor Plaza Parkway,
                                      Suite 300
                                      Tampa, FL  33634
                                      Phone: (813) 289-0700
                                      Fax: (813) 289-9435
                                      *Attorneys for Plaintiffs*